Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Case No.: 1-25-43215-jmm

Marine Transport Logistic Inc.,                              Chapter 11

                    Debtor.
-------------------------------------------------------X

### DEBTOR'S MOTION FOR VIOLATION OF AUTOMATIC STAY ON THE PART OF PNC BANK

Marine Transport Logistic Inc., the Debtor (the "Debtor") in the above-captioned bankruptcy case (the "Debtor"), by their counsel, Law Offices of Alla Kachan, P.C, hereby files this Motion for Violation of Automatic Stay (the "Motion") against PNC Bank (the "Lender"), and in support thereof avers as follows:

### BACKGROUND AND JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  On July 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

3.  The Debtor is an international shipping company that relies entirely on payment of shipment costs out of their operation account and on the receipt of international bank wires.

4. Immediately following the filing of the Bankruptcy Petition on July 3, 2025, the Lender unilaterally froze all business accounts of the Debtor without notice or explanation.

5. The Debtor now asks the court to enter an order for sanctions pursuant to 11 U.S. Code § 362(k)(1) as the Lender violated the automatic stay by freezing the Debtor's account.

## ARGUMENT

6. The automatic stay is one of the most fundamental debtor protections provided by the Bankraptcy Code. *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986)*. Under Section 362 of the Code, the filing of bankruptcy petition automatically stays commencement and continuation of proceedings against the Debtor. *11 U.S.C. § 362(a)(1)*.

7. Congress intended the scope of the automatic stay to be broad to effectuate its protective purposes. *H.R. Rep. No. 95-595 at 340 (1977); S. Rep. No. 95-989 at 49 (1978), reprinted in 1978 U.S.C.C.A.N. 5987, 6296-97; see also In re Drexel Burnham Lambert Group Inc., 113 B.R. 830, 836 (Bankr. S.D.N.Y. 1990)*.

8. In the Second Circuit, actions violating the automatic stay are generally void ab initio. See generally *Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994) (citing 48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc., 835 F.2d 427, 431 (2d Cir. 1987))*. Further, an individual debtor injured by a willful violation of the stay can recover actual damages, and in certain circumstances, punitive damages. *See 11 U.S.C. § 362(k)(1)*.

9. In the instant case, the Lender has clearly violated the automatic stay, and the Debtor is entitled to actual and punitive damages pursuant to 11 U.S. Code § 362(k)(1). Likewise, the actions of the lender should be reversed.

10. This Bankruptcy case was filed on July 3, 2025. The Debtor is an international marine transport company whose main and only source of business operations is international

shipping that relies entirely on payment of shipment costs out of the operating account and on receipt of international bank wires. Immediately after the filing date on July 3, 2025, the Lender unilaterally froze all business accounts of the Debtor without notice or explanation. Upon multiple contacts with the bank, the Debtor was advised that it is bank policy to restrain the accounts to ensure the opening of a Debtor-in-Possession account. However, a request to issue a certified check to the Debtor from the account with the Debtor's funds, so that a DIP account could be opened with a different banking institution was denied. Furthermore, the Lender advised that they will not open a DIP account for the Debtor absent a motion and court order authorizing the opening of a DIP account. The Debtor's operations are effectively halted as of the petition date due to the absolute inability to pay for and effectuate the shipment of orders. Upon inquiry, bank representatives of the Lender refused to provide any of the contact information for the legal department thereof. In light of the foregoing, the Debtor is suffering catastrophic financial loss daily, caused by the unlawful restraint of the funs in a blatant and willful violation of the automatic stay. The Lender should be ordered to unfreeze the Debtor's account so that the Debtor could withdraw their funds and open a DIP account.

11. Further, as stated above, redress for violation of the stay is available under § 362(k)(1), which provides that a debtor injured by a "willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *11 U.S.C. § 362(k)(1)*.

12. A deliberate action that violates the automatic stay, taken while the violator knew that the stay was in effect, justifies an award of actual damages, with no further showing necessary. *Cyrsen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990); In re Robinson, 228 B.R. 75, 80 n.5 (Bankr. E.D.N.Y. 1998)*. The

action itself being deliberate suffices to constitute a willful violation of the stay, even if the fact that the action would violate the stay was unknown to the offender. *See In re Robinson, 228 B.R. at 80 n.5; In re Olejnik, No. 09-76714-AST, 2010 WL 4366183, at *5 (Bankr. E.D.N.Y. Oct 28, 2010) (citing In re Bresler, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990)).*

13. In the instant case, Lender's knowledge of the pending bankruptcy case is clear. Even if the creditor believed that they were not violating the stay, that fact does not insulate their actions from being a willful violation under Section 362(k)(1) of the Code. *See 11 U.S.C. § 362(k)(1).* The Lender's actions have caused catastrophic financial loss to the Debtor through their actions and should therefore be compelled to pay actual damages including reasonable attorney fees as well as punitive damages for the financial loss caused by their actions.

14. In order to protect the Debtor and compel the Lender to seize and desist from all further stay violation actions against the Debtor, this Court should impose sanctions against the Lender for willful violation of automatic stay.

15. Additionally, the creditor has an affirmative duty to reverse any such action within a reasonable amount of time". *In re Am. Med. Utilization Mgmt. Corp.,* 494 B.R. 626 at page 635 (Bankr. E.D.N.Y. 2013). That is true even if the creditor did not know of the bankruptcy case at the time the judgment was entered. *In re Taylor*, 190 B.R. 459 at page 461 (Bankr. S.D. Fla. 1995). Therefore, as a result of the Lender's violations of 11 U. S. C. § 362, the Lender is liable to the Debtor for actual damages, punitive damages and legal fees under 11 U. S. C. § 105 & 11 U. S. C. § 362(k)(1).

**WHEREFORE**, the Debtor respectfully requests that an order be entered granting the relief requested and any other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York              Respectfully submitted,
       July 8, 2025

                                                /s/ *Alla Kachan*
                                                Alla Kachan, Esq.
                                                Law Offices of Alla Kachan, P.C.
                                                2799 Coney Island Avenue, Suite 202
                                                Brooklyn, NY 11235
                                                Tel.: (718) 513-3145