Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                                          Case No.: 1-25-43215-jmm

    Marine Transport Logistic Inc,                    Chapter 11

          Debtor.

-----------------------------------------------------------X

### DEBTOR'S OBJECTION TO MOTION
### TO DIMISS OR CONVERT CHAPTER 11 CASE

**TO THE HONORABLE JIL MAZER-MARINO**
**UNITED STATES BANKRUPTCY JUDGE:**

    The Debtor, Marine Transport Logistic Inc (the "**Debtor**"), by their undersigned counsel, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., (the "**Attorney**"), respectfully submits this Objection (the "**Objection**") to the Motion of Svetlana Anuchina (the "**Movant**") for an order dismissing the Debtor's Chapter 11 and in support thereof, avers as follows:

### BACKGROUND AND VENUE

    1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    On July 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

3.  On September 20, 2025, the Movant, by counsel, filed a motion for an order dismissing the Debtor's Chapter 11 Bankruptcy case. *See ECF Doc. No. 33.*

4.  The Movant argues that there is cause to dismiss the Debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b) because the case was allegedly filed in bad faith. To support their argument, the Movant claims that the Debtor only filed their Bankruptcy petition to avoid posting a supersedeas bond, and further claims that the Debtor has the funds to pay off all of its debt so it does not need the Bankruptcy process.

5.  It is the Debtor's position that the Movant has not established that there is cause to dismiss the case, and objects to the motion of the Movant as follows:

## ARGUMENT

6.  Bankruptcy Code section 1112(b) provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1112(b). "The lack of authority to file a voluntary chapter 11 bankruptcy petition by the party filing it constitutes . . . 'cause' for relief under § 1112(b) of the Bankruptcy Code." In re 167 W. 133rd St. Hous. Dev. Fund Corp., No. 18-12043 (JLG), 2018 WL 4637460, at *6 (Bankr. S.D.N.Y. Sept. 25, 2018); See Price v. Gurney, 324 U.S. 100, 106 (1945). Bad faith or lack of good faith also constitutes cause to dismiss a Chapter 11 case. See, e.g., In re C–TC 9th Ave. P'ship, 113 F.3d 1304, 1311–12 (2d Cir. 1997). Lastly, a debtor's failure to file operating reports constitutes cause for dismissal. 11 U.S.C. § 1112(b)(4)(F) (cause to dismiss includes "unexcused failure to satisfy timely any filing or reporting requirement established by [title 11]").

7.  The moving party carries the burden of demonstrating cause to dismiss under Bankruptcy Code section 1112(b) by a preponderance of the evidence, even if the alleged cause to

dismiss is lack of due authority. *In re Quad-C Funding LLC*, 496 B.R. 135, 141–42 (Bankr. S.D.N.Y. 2013). However, if the issue is whether the petition was filed in good faith, the movant bears the initial burden to make a prima facie showing to support the allegation of bad faith, then the burden shifts to the debtor to demonstrate the petition was filed in good faith. *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co.*, 476 B.R. 60, 68–69 (E.D.N.Y. 2012).

8. The Debtor is a legitimate maritime shipping company facing genuine financial and operational challenges that necessitate the protections and reorganization tools provided by Chapter 11 of the Bankruptcy Code. Contrary to the Movant's assertions, this filing was made in good faith to preserve the Debtor's business as a going concern, maximize value for all stakeholders, and equitably address its liabilities amid ongoing litigation and market pressures in the shipping industry.

9. The Movant, holding a judgment claim of approximately $245,401.56, seeks dismissal primarily on the grounds of alleged "bad faith," claiming the Debtor is solvent and using bankruptcy solely for a "tactical litigation advantage." These arguments are misguided, ignore the totality of the circumstances, and fail to meet the high burden for dismissal under § 1112(b). Solvency is not a bar to Chapter 11 relief, and the Debtor's filing serves valid reorganizational purposes, including managing contingent liabilities, preserving liquidity for operations, and resolving disputes in a centralized forum.

10. Moreover, the Movant's Motion is riddled with inaccuracies and selective interpretations of the Debtor's schedules and disclosures. The Debtor has complied with its filing obligations to the extent required at this early stage, and any minor delays or omissions do not constitute "cause" for dismissal. As an example of the Movant's selective interpretations, the Movant in arguing that the Debtor is not in financial distress states "The Petitioner has told the

Court that it has 'sufficient liquidity and is paying their [sic] administrative expenses as they come due and will continue to do so'". It is unheard of to use the Debtor's ability to pay administrative expenses as evidence of a lack of financial distress and this is just one example of the Movant's attempts to misguide the Court and mischaracterize the situation at hand. As the Movant points the finger at the Debtor for a bad faith filing, it appears that the only party operating in bad faith is the Movant. As a matter of fact, it is the Debtor's obligation to remain solvent throughout the Chapter 11 case, and to stay current with their administrative obligations.

11. Contrary to the Movant's portrayal, the Debtor is experiencing genuine financial distress. While the Debtor maintains liquidity in the form of approximately $10,717,482.52 in cash held in several checking accounts (as disclosed in Schedule A/B), this cash is essential for ongoing operations, including vessel charters, fuel purchases, crew payments, insurance premiums, and port fees—expenses that can exceed millions monthly in the shipping sector. The Debtor's total assets are valued at approximately $11,228,169.15 (including cash, heavy equipment worth $480,686.33, and other assets), but its liabilities total $2,081,298.00 as scheduled. However, this figure does not fully capture contingent and unliquidated claims, potential litigation exposures, and operational commitments that threaten the Debtor's viability. Further, the shipping industry is capital-intensive and cyclical. The Debtor's revenue projections (e.g., from shipping 20,000 TEUs at average rates) are estimates, not guarantees, and recent disruptions (e.g., global supply chain issues) have impacted profitability. The cash reserves are not "excess" but a buffer against these volatilities, ensuring the Debtor can continue serving customers and employing staff while restructuring.

12. In the referenced motion, the Movant clearly fails to meet their burden of establishing cause for dismissal pursuant to 11 U.S.C. § 1112(b). Under 11 U.S.C. § 1112(b), the Court may dismiss a Chapter 11 case "for cause" upon request of a party in interest after notice

and a hearing. "Cause" is not defined exhaustively but includes bad faith as a non-statutory ground. *See In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999). However, the Movant bears the initial burden to establish cause by a preponderance of the evidence. *See In re Player Wire Wheels, Ltd., 421 B.R. 864 (Bankr. N.D. Ohio 2009)*. Dismissal is an extraordinary remedy, and courts presume good faith in filings. *See In re Syndicom Corp.*, 268 B.R. 26 (Bankr. S.D.N.Y. 2001). Here, the Movant fails to meet this burden and has not made any showing of bad faith aside from its own conclusory and self-serving assertions.

13. Contrary to the Movant's assertions, the Debtor's Bankruptcy Petition was filed in good faith. The Movant's primary argument—that the filing is in bad faith because the Debtor is solvent and seeks only a "tactical litigation advantage"—is unavailing. Good faith is evaluated based on the totality of the circumstances, considering factors such as the debtor's financial condition, motives, and whether the filing serves a valid bankruptcy purpose. Solvency alone does not preclude good faith; Chapter 11 is available to debtors facing distress, even if balance-sheet solvent, to reorganize and preserve enterprise value. *See In re Cent. Jersey Airport Servs.*, LLC, 282 B.R. 176 (Bankr. D.N.J. 2002)(Did not dismiss Chapter 11 case where Debtor was solvent but had many creditors and liabilities and demonstrated a good faith effort in restructuring).

14. Further, the Debtor here is clearly in genuine financial distress. At the time of the filing, the Debtor had three separate judgments, which are appealable, appeals are preserved, and will be addressed in the course of the chapter 11 case. Contrary to the Movant's claims, the Debtor's cash position does not equate to lack of distress, nor is solvency in a Chapter 11 case, a legitimate cause to dismiss. The $10.7 million in cash is operational working capital, not surplus funds available for immediate creditor payouts. In the maritime industry, liquidity is critical to cover variable costs like fuel which can fluctuate wildly, and vessel maintenance. Paying out this cash

to satisfy judgments on a preferential basis, would jeopardize operations, leading to business failure, an outcome antithetical to Chapter 11's goals. The scheduled liabilities of $2 million are conservative; contingent claims from litigations could exceed this, and the Debtor faces potential exposures from unresolved disputes such as the MSC litigation cited by the Movant.

15. Likewise, this Bankruptcy filing serves valid reorganizational purposes. The Debtor intends to propose a plan that restructures its debts, potentially through negotiated settlements while continuing operations. This is not an "abuse" but the essence of Chapter 11 as the filing allows centralized resolution of claims. Unlike *In re LTL Mgmt.*, LLC, 64 F.4th 84 (3d Cir. 2023), cited by Movant, where no financial distress existed, the Debtor here faces immediate threats from collection actions that could disrupt its business. The filing halts these while permitting reorganization. This is not a "tactical" ploy, but a legitimate use of the automatic stay under 11 U.S.C. § 362.

16. Further, in the instant case, there is no improper motive on the Debtor's part. The Movant alleges the filing was precipitated by service of a subpoena and to avoid posting appeal bonds. However, using bankruptcy to manage litigation is not per se bad faith if it serves broader reorganizational goals. Here, the appeals are pursued in good faith and avoiding bond postings preserves liquidity for all creditors, not just the Movant. The timing aligns with escalating pressures, not manipulation. The Debtor has multiple litigations and operational needs driving the filing.

17. It is also telling that despite extensive case law establishing the factors to be considered when analyzing bad faith in filing, the Movant does not cite these factors. The court in *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828 (W.D. Ky. 1992) put forth eight factors to be considered when establishing whether bad faith is present: (1) the Debtor

has only one asset; (2) the Debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the Debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the Debtor's financial condition is, in essence, a two party dispute between the Debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees.. Although these factors are normally used in foreclosure cases, they are persuasive here as all factors support a finding of good faith in the Debtor's filing.

18. First, the Debtor does not have solely one asset. Therefore, this factor does not support a finding of bad faith.

19. Next, the Debtor has more than one creditor, and the bar date for unsecured, non priority creditors, as well as governmental claims, has not yet passed. Unsecured, non priority Creditors have until November 17, 2025 to file their claims, governmental claims have until December 30th, 2025. Therefore, dismissal now is premature and this factor does not support a finding of bad faith.

20. Factor three likewise does not support a finding of bad faith as the Debtor does not have one asset subject to a foreclosure action.

21. Factor four does not support a finding of bad faith as the Debtor's financial condition is not a two party dispute.

22. Factor five does not support a finding of bad faith as the Debtor filed their case not to delay or frustrate anyone's rights but rather to reorganize their business operations and manage

their debt.

23. As for factor six, it also does not support a finding of bad faith as the Debtor has cash flow.

24. Finally, factors seven and eight also do not support a finding of bad faith as the Debtor can meet current expenses and the Debtor does have employees.

25. Notably, none of the foregoing statutory factors for dismissal, include solvency of the Debtor, or the ability to pay administrative obligations. Therefore, it is the Debtor's position that the Movant has not established cause to dismiss the Debtors case, that the Debtor has filed this case in good faith, and the Movant's motion should be denied.

**WHEREFORE**, the Debtor respectfully requests the court to deny the Movant's Motion to Dismiss and all the requested relief, and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York
October 14, 2025

/s/ Alla Kachan, Esq.
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
*Attorneys for the Debtor*
2799 Coney Island Avenue, suite 202
Brooklyn, New York 11235