Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                    Case No.: 1-25-43215-jmm


Marine Transport Logistic Inc.,                          Chapter 11


                         Debtor.
-------------------------------------------------------X

## NOTICE OF MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN MARINE TRANSPORT LOGISTIC INC AND COMMONWEALTH LEASING INC.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion, dated on May 27, 2026

(the "Motion") of Marine Transport Logistic Inc (the "Debtor") shall be conducted before the

Honorable Judge Jil Mazer - Marino, United States Bankruptcy Judge, **July 15, 2026, at 2:00**

**P.M.,** in the United States Bankruptcy Court – Eastern District of New York. The parties may

appear in person, by phone, or by videoconference for hearing. Regardless of whether a hearing is

by phone, videoconference, or in person, all hearing participants must register with eCourt

Appearances in advance of all telephonic and videoconference appearances

(https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-

appearances). Once registered, eCourt Appearances will email the telephone number and video

link for your hearing. You may register for hearings weeks in advance, but the telephone number

video link will not be sent to you until **48 hours before the hearing date.** Those registering

with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes

after registration to receive the email with the telephone number and video link. Those unable to

access eCourt  Appearances must   email   Judge   Mazer-Marino's   Courtroom   Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.  Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number; and it is further

**PLEASE TAKE FURTHER NOTICE THAT** any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and to be received no later than seven (7) days before the hearing date.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the objection deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.


Dated: Brooklyn, New York
     May 27, 2026

                                                    */s/ Alla Kachan*
                                                   Alla Kachan, Esq.
                                                   Law Offices of Alla Kachan
                                                   2799 Coney Island Avenue, Ste 202
                                                   Brooklyn, NY 11235
                                                   Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                              Case No.: 1-25-43215-jmm

     Marine Transport Logistic Inc.,                          Chapter 11

               Debtor.
-------------------------------------------------------------X

## MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN MARINE TRANSPORT LOGISTIC INC AND COMMONWEALTH LEASING INC

The Debtor, Marine Transport Logistic Inc by its counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy, hereby moves this Court for the approval of the Settlement Agreement (the "Agreement"), concluded by and among Marine Transport Logistic (hereinafter the "Debtor") and Commonwealth Leasing Inc. ("Commonwealth"). In support of this motion, the Debtor represents and alleges as follows:

### BACKGROUND AND PROCEDURES

1. On June 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. On October 21, 2025, Commonwealth Leasing Inc. filed Proof of Claim in the Debtor's Bankruptcy Case in the sum of $230,100.00 (Claim #7).

3. The October 21, 2025, Commonwealth Leasing Inc filed a motion for In Rem Relief from stay.

(Docket # 41).

4. On November 12, 2025, the Debtor filed a response to Commonwealth's motion In Rem Relief from stay. (Docket # 45).

5. On December 22, 2025, the Court entered an order granting Motion to modify automatic Stay to Permit the Appellate Process to Continue to Judgment Including Mediation through the Procedures of the Appellate Division, 2nd Department. (Docket # 56).

6. The Parties the Parties have engaged in good faith settlement discussions and now desire to resolve and settle the Commonwealth's claim against the Debtor based upon the terms and conditions set forth in this Agreement.

7. In consideration of the mutual promises contained in the Agreement, the Parties, intending to be legally bound hereby, stipulate and agree as follows:

a) The Debtor shall pay to Commonwealth the sum of $180,000.00 (the "Settlement Amount") in lump sum payment payable to 'Corash & Hollender, as Attorneys' within five (5) days upon the entry of the order approving this Settlement Agreement by the Bankruptcy Court in full and final satisfaction of all claims of Commonwealth; and

b) Upon payment and receipt of the Settlement amount in full, the Parties hereby release, remises, acquit and forever discharge each other and any of its parent companies, subsidiaries, directors, officers, managers, employees, agents and attorneys, of and from any and all rights, obligations, claims, counterclaims, actions, causes of action, demands, remedies and damages (including, without limitation, principal, interest, costs, attorneys' fees and punitive damages) based upon or arising out of the claim. Furthermore, Commonwealth Leasing Inc, hereby agrees to discontinue all actions currently pending against Marine Transport Logistic Inc, with prejudice; and

c) In case the agreed payment is not timely paid and received Commonwealth reserves its right to preserve and enforce the original claim, less any amounts received; and

d) In the event the Debtor decides to go forward with a plan confirmation and in consideration of the terms herein, the Marine Transport Logistic Inc shall return a consenting ballot in favor of the Debtor's plan of reorganization, once filed, provided that (i) the terms of the Plan of Reorganization are consistent with the terms as reflected in this Agreement; and, (ii) the Bankruptcy Court has approved this Agreement.

e) This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, legal representatives, successors and assigns, including, but not limited to, any examiner, trustee, conservator, liquidator or other fiduciary appointed as a representative for any of the Parties.

## JURISDICTION

8. This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334.

9. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B) and (O).

11. The legal predicate for the relief sought herein is Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

12. Pursuant to Bankruptcy Rule 9019, as set forth below, the Debtor submits that the joint Agreement should be authorized and approved because it is in the best interest of the estate and the Creditor, represents the sound business judgment of the Debtor, and is fair and reasonable under the circumstances.

13.         Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). In fact, settlements and compromises are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Accordingly, the Court is authorized to approve the settlement, on the terms set forth in the Settlement Agreement.

14.         In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the Debtor's estate. *TMT Trailer Ferry, 390 U.S. at 424; In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994)*. A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham, 134 B.R. at 505*. In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue, 165 B.R. 115, 122 (S.D.N.Y. 1994)* (a court may consider the opinions of the trustee or Debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., 217 B.R. 31 (Bankr. S.D.N.Y. 1998); see also Shugrue, 165 B.R. at 123* ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

15.         The elements that a court should evaluate in considering whether a proposed settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success

in the litigation, (b) the difficulty in collecting after obtaining a judgment in the litigation, (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, (d) the interest of creditors and a proper deference to their reasonable views of the settlement, and (e) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *See, e.g., TMT Trailer Ferry, 190 U.S. at 424; In re W.T. Grant Co., 699 F.2d 599 (2d Cir. 1983); Ionosphere Clubs, 156 B.R. at 426-27.*

16.         Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a Debtor's estate. *See e.g., TMT Trailer Ferry, 390 U.S. at 424; Adelphia, 327 B.R. at 159* (citations omitted) ("The settlement need not be the best that the Debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"); *Nellis v. Shugrue, 165 B.R. 115, 121 9 (S.D.N.Y. 1994)* ("[t]he obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.")

17.         In the instant cases, the Agreement is fair and equitable and falls well within the range of reasonableness. As well it follows along the lines of other settlements that have been approved by the court.

18.         Additionally, the costs associated with the further litigation, the fees incurred as a result of lengthening the closure of the bankruptcy case, and the usurp of the Court's time and resources would far exceed the benefit that would be obtained by approving the Agreement, as well, it would also have lasting effects to the bankruptcy estate that would not benefit the Creditors of the case.

19.         The attached Agreement is the product of arms-length negotiations between the Debtor, Estate and Creditor and represents a good faith compromise of issues raised and resolved.

Thus, by this Motion, the Debtor respectfully requests the entry of an order, pursuant to Bankruptcy Rule 9019, authorizing and approving the Settlement Agreement.

## CONCLUSION

20.        As set forth in the above paragraphs by allowing the attached Agreement to be approved, it will allow the Debtor to resolve the claim of Commonwealth Leasing Inc of the case in its entirety filed against the Debtor.  As such, the Debtor respectfully submit that an Order approving the Agreement is in the best interest of the Creditor of the estate and should be granted.

21.        There having been no objections by any of the remaining creditors, and no other adversarial proceedings having been filed, and it's appearing that the Agreement is fair and equitable and in the best interest of the estate, approval of the Agreement meets the criteria set forth in Rule 9019 and the applicable case law, and therefore on Order Approving the Agreement should be granted.

## NOTICE

22.        Debtor will serve notice of the hearing to approve the Agreement on the Creditor, the Counsel of Commonwealth Leasing Inc, US Trustee, and counsel for all the parties who filed notices of appearance in this matter, and the Debtor's creditors.

23.        The Debtor therefore respectfully request that the Court approve the Agreement.

WHEREFORE, Debtor respectfully requests that this Court enter an Order, in form similar to the attached Proposed Order, approving the Agreement resolving the claim against Debtor, filed by the Commonwealth Leasing Inc creditor and party-in-interest.

Dated:  Brooklyn,New York
      May 27, 2026

*/s/ Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Ste 202

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Case No.: 1-25-43215-jmm


        Marine Transport Logistic Inc.,              Chapter 11


                        Debtor.
------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION TO APPROVE
SETTLEMENT AGREEMENT BETWEEN MARINE TRANSPORT LOGISTIC INC
AND COMMONWEALTH LEASING INC**

The Debtor, Marine Transport Logistic Inc. ("Debtor") by undersigned counsel, Alla

Kachan, of the Law Offices of Alla Kachan, P.C., respectfully requests that the Court enter an

Order, pursuant to Rule 9019 of the Federal Rules Bankruptcy, approving the Settlement

Agreement (the "Agreement"), concluded by and among Marine Transport Logistic (hereinafter

the "Debtor") and Commonwealth Leasing Inc. ("Commonwealth") (**Exhibit A**), and in support

thereof avers as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

**STATEMENT OF FACTS**

2. I am the attorney for the Debtor in the above-captioned case and after the review of the

    Debtor's documents and having discussed at length with the Debtor, am fully familiar with

    the facts therein.

3. On June 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

4. On October 21, 2025, Commonwealth Leasing Inc. filed Proof of Claim in the Debtor's Bankruptcy Case in the sum of $230,100.00 (Claim #7).

5. The October 21, 2025, Commonwealth Leasing Inc filed a motion for In Rem Relief from stay. (Docket # 41).

6. On November 12, 2025, the Debtor filed a response to Commonwealth's motion In Rem Relief from stay. (Docket # 45).

7. On December 22, 2025, the Court entered an order granting Motion to modify automatic Stay to Permit the Appellate Process to Continue to Judgment Including Mediation through the Procedures of the Appellate Division, 2nd Department. (Docket # 56).

8. The Parties the Parties have engaged in good faith settlement discussions and now desire to resolve and settle the Commonwealth's claim against the Debtor based upon the terms and conditions set forth in this Agreement.

9. In consideration of the mutual promises contained in the Agreement, the Parties, intending to be legally bound hereby, stipulate and agree as follows:

f) The Debtor shall pay to Commonwealth the sum of $180,000.00 (the "Settlement Amount") in lump sum payment payable to 'Corash & Hollender, as Attorneys' within five (5) days upon the entry of the order approving this Settlement Agreement by the Bankruptcy Court in full and final satisfaction of all claims of Commonwealth; and

g) Upon payment and receipt of the Settlement amount in full, the Parties hereby release,

remises, acquit and forever discharge each other and any of its parent companies, subsidiaries, directors, officers, managers, employees, agents and attorneys, of and from any and all rights, obligations, claims, counterclaims, actions, causes of action, demands, remedies and damages (including, without limitation, principal, interest, costs, attorneys' fees and punitive damages) based upon or arising out of the claim. Furthermore, Commonwealth Leasing Inc, hereby agrees to discontinue all actions currently pending against Marine Transport Logistic Inc, with prejudice; and

h) In case the agreed payment is not timely paid and received Commonwealth reserves its right to preserve and enforce the original claim, less any amounts received; and

i) In the event the Debtor decides to go forward with a plan confirmation and in consideration of the terms herein, the Marine Transport Logistic Inc shall return a consenting ballot in favor of the Debtor's plan of reorganization, once filed, provided that (i) the terms of the Plan of Reorganization are consistent with the terms as reflected in this Agreement; and, (ii) the Bankruptcy Court has approved this Agreement.

j) This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, legal representatives, successors and assigns, including, but not limited to, any examiner, trustee, conservator, liquidator or other fiduciary appointed as a representative for any of the Parties.

## CONCLUSION

10.       By approving the Agreement, it will allow the Debtor to resolve the claim of the Creditor in the case in its entirety, which would surely be in the best interest of the Creditor and the estate. As such, the Debtor respectfully submits that an Order approving the Agreement is in the best interest of the Creditor of the estate and should be granted.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, in form similar to the attached Proposed Order, approving the Settlement Agreement between the Debtor and the Creditor.

Dated:  Brooklyn, New York
       May 27, 2026

/s/ *Alla Kachan*
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue,
Suite 202
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

Marine Transport Logistic Inc.,

Debtor.
--------------------------------------------------------X

Case No.: 1-25-43215-jmm

Chapter 11

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN MARINE TRANSPORT LOGISTIC INC AND COMMONWEALTH LEASING INC

The above-captioned Debtor in the instant chapter 11 case (the "Debtor") having filed and served a motion dated _____, 2025 (Docket #___) (the "Motion") pursuant to F.R. Bankr. P. 9019 ("Rule 9019") for approval of the Settlement Agreement (the "Agreement"), concluded by and among Marine Transport Logistic (hereinafter the "Debtor") and Commonwealth Leasing Inc. ("Commonwealth") attached as Exhibit A to the Motion; and the Court having reviewed the Motion and supporting Affirmation, and it appearing that good and sufficient notice of the Motion having been provided as evidenced by the Affidavit of Service filed with the Court; and a hearing having been held to consider the relief requested in the Motion on _____, 2026 (the "**Hearing**") and there having been no objections to the Motion; and the Court having determined that approval of the Agreement meets the criteria set forth in Fed. R. Bankr. P. 9019 and applicable case law; and it further appearing that the settlement embodied in the Agreement is fair and equitable and in the best interest of the Debtor and its estate and creditors, it is

**ORDERED** that the Agreement is approved, and the Debtor is authorized to execute, deliver and take such other actions as is necessary to implement the terms of the Agreement and the agreement embodied therein; it is

**ORDERED** that, any modification to the terms of the Agreement must be subject to notice and opportunity to object before the Bankruptcy Court; it is

**ORDERED**, that notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and without the need for further actions by the parties; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order and the Agreement.

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Case No.: 1-25-43215-jmm

Marine Transport Logistic Inc.,                            Chapter 11

                    Debtor.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT
## BETWEEN MARINE TRANSPORT LOGISTIC INC AND
## COMMONWEALTH LEASING INC.

This Agreement (the "Agreement") is made as of May ____, 2026 by and between Commonwealth Leasing Inc. ("**Commonwealth**") and Marine Transport Logistic Inc (the "**Debtor**"). The Commonwealth and the Debtor are sometimes referred to herein collectively as the "Parties" and individually as a "Party",

**WHEREAS,** on July 3, 2025, Marine Transport Logistic Inc filed a voluntary petition with the United States Bankruptcy Court for Eastern District of New York (the "Bankruptcy Court"), for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); and

**WHEREAS,** on October 21, 2025, Commonwealth filed a general unsecured claim in the amount of $230,100.00 (Claim # 7); and

**WHEREAS,** on October 21, 2025, Commonwealth Leasing Inc filed a motion for In Rem Relief from stay. (Docket # 41)

**WHEREAS,** on November 12, 2025, the Debtor filed a response to Commonwealth's motion In Rem Relief from stay. (Docket # 45)

**WHEREAS**, on December 22, 2025, the Court entered an order granting Motion to modify automatic Stay to Permit the Appellate Process to Continue to Judgment Including Mediation through the Procedures of the Appellate Division, 2nd Department. (Docket # 56)

**WHEREAS**, the Parties have engaged in good faith settlement discussions and now desire to resolve and settle the Commonwealth's claim against the Debtor based upon the terms and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the Parties, intending to be legally bound hereby, stipulate and agree as follows:

1.     Debtor shall pay to Commonwealth the sum of $180,000.00 (the "Settlement Amount") in lump sum payment payable to 'Corash & Hollender, as Attorneys' within five (5) days upon the entry of the order approving this Settlement Agreement by the Bankruptcy Court in full and final satisfaction of all claims of Commonwealth.

2.     Upon payment and receipt of the Settlement amount in full, the Parties hereby release, remises, acquit and forever discharge each other and any of its parent companies, subsidiaries, directors, officers, managers, employees, agents and attorneys, of and from any and all rights, obligations, claims, counterclaims, actions, causes of action, demands, remedies and damages (including, without limitation, principal, interest, costs, attorneys' fees and punitive damages) based upon or arising out of the claim. Furthermore, Commonwealth Leasing Inc, hereby agrees to discontinue all actions currently pending against Marine Transport Logistic Inc, with prejudice.

3.     In case the agreed payment is not timely paid and received Commonwealth reserves its right to preserve and enforce the original claim, less any amounts received.

2

4.      For the avoidance of doubt, it is expressly understood and agreed that the foregoing mutual releases are not intended to and shall not be construed to waive or release any rights or obligations created by this Agreement.

5.      This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, legal representatives, successors and assigns, including, but not limited to, any examiner, trustee, conservator, liquidator or other fiduciary appointed as a representative for any of the Parties.

6.      Nothing contained in this Agreement shall confer any rights, remedies or benefits upon any person or entity who is not a Party to this Agreement or expressly referenced herein.

7.      The Parties hereby acknowledge and agree that this Agreement constitutes the entire agreement by and between the Parties with respect to the subject matter hereof and that there are no representations or understandings by or between the Parties, written or oral, contrary to or different from those expressly set forth in this Agreement.

8.      Each Party shall be responsible for its own attorneys' fees, expenses and costs incurred in connection with this Agreement.

9.      This Agreement may not be altered, amended or modified other than in a writing signed by the Parties.

10.     Each of the Parties has jointly participated in the negotiation and drafting of this Agreement with the assistance of their own legal counsel or had a reasonable opportunity to seek the assistance of their own legal counsel and knowingly waived such right.

11.     The recitals to this Agreement are an integral and material part of this Agreement and thus shall be construed as mutual representations and warranties by the Parties to each other.

3

12.    This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of law principles which may dictate the application of some other state's law.

13.    Each Party hereby represents and warrants to the other Party that the respective undersigned signatory for such Party has full power, authority and approval to execute this Agreement on behalf of the Party for whom they sign and to legally bind such Party to the terms and conditions of this Agreement.

14.    The Bankruptcy Court shall retain jurisdiction and authority to enforce the terms of this Agreement and the approval order.

15.    This Agreement may be executed in counterparts, each of which when taken together shall constitute one and the same instrument. Facsimile or PDF copies of signatures to this Agreement sent by e-mail shall have the same force and effect as original signatures.

16.    In the event the Debtor decides to go forward with a plan confirmation and in consideration of the terms herein, the Marine Transport Logistic Inc shall return a consenting ballot in favor of the Debtor's plan of reorganization, once filed, provided that (i) the terms of the Plan of Reorganization are consistent with the terms as reflected in this Agreement; and, (ii) the Bankruptcy Court has approved this Agreement.

17.    **WHEREFORE,** the undersigned Parties, intending to be legally bound hereby, have executed this Agreement as of the date first set forth above.

4

Dated: May __13__, 2026

Commonwealth Leasing Inc

By: _____
*Title and Name:*

**Manager Timour Ebzeev**

Dated: May _12_, 2026

Marine Transport Logistic Inc

By: _CEO Alla Solovyeva_
*Title and Name:*

5