UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Marine Transport Logistics, Inc,

Debtor.

Chapter 11
Case No.: 25-43215-JMM

-------------------------------------------------------------X

**ORDER GRANTING SVETLANA ANUCHINA'S MOTION FOR SANCTIONS**

**WHEREAS**, on or about June 5, 2025, the New York State Supreme Court, Kings County, entered a judgment (the "Judgment") in the amount of $245,401.56, plus interest, after a jury trial in the case bearing Index No. 503777/19 (the "State Court Action") in favor of Svetlana Anuchina, jointly and severally, against Alla Solovyeva ("Solovyeva") and Marine Transport Logistics, Inc. ("Marine Transport"); and

**WHEREAS**, Marine Transport and Solovyeva moved to vacate the verdict and appealed the Judgment; and

**WHEREAS**, on July 3, 2025 (the "Petition Date"), Solovyeva filed a chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York, Case Number 25-43213; and

**WHEREAS,** on the Petition Date, Solovyeva caused Marine Transport to file a chapter 11 bankruptcy case with the United States Bankruptcy Court for the Eastern District of New York, Case Number 25-43215-JMM; and

**WHEREAS,** Solovyeva's schedules disclose that as of the Petition Date, she had $56,919.48 on deposit in Flagstar Bank; $777,653.50 on deposit in Bank of America, $445,336.34 on deposit in a Merrill Investment Account; $3,040,000 in U.S. Treasury securities, $5,341.84 in

an Individual Retirement Account at Bank of America, and $9,158.72 in an Individual Retirement Account with Putnam Investments; and

**WHEREAS**, Solovyeva's schedules disclose that as of the Petition Date, there were four creditors holding general unsecured claims aggregating $325,848.46, inclusive of the $245,401.56 debt owed to Svetlana Anuchina; and

**WHEREAS,** five creditors filed proofs of claim in Solovyeva's chapter 11 case, asserting claims of $277,967.21 in the aggregate, inclusive of Svetlana Anuchina's proof of claim for $247,095.84; and

**WHEREAS**, Marine Transport's schedules disclose that as of the Petition Date, it had $10,717,482.82 in cash in the aggregate, on deposit at either PNC Bank or Citizens Bank; and

**WHEREAS**, Marine Transport's schedules disclose that as of the Petition Date, it had three creditors asserting general unsecured claims aggregating $476,401.56, inclusive of the $245,401.56 debt owed to Svetlana Anuchina; and

**WHEREAS**, four creditors filed proofs of claim in Marine Transport's chapter 11 case, asserting $2,184,700.27 in unsecured claims, inclusive of Svetlana Anuchina's proof of claim for $247,095.84, and a $1,595,200 contingent claim filed by MSC Mediterranean Shipping Company SA; and

**WHEREAS**, on September 20, 2025, Svetlana Anuchina, through counsel, moved to dismiss Marine Transport's and Solovyeva's chapter 11 cases, alleging each chapter 11 case was filed in bad faith because neither Marine Transport nor Solovyeva was in financial distress and the cases were filed to obtain a tactical litigation advantage in the State Court Action, Marine Transport and Solovyeva objected to the motions filed in their respective cases and Svetlana Anuchina filed replies; and

**WHEREAS**, Marine Transport's Monthly Operating Report for the period ending on September 30, 2025 disclosed it had $18,549,904 of cash on hand, after monthly disbursements of $2,224,118; and

**WHEREAS**, Marine Transport's other monthly operating reports disclose that each month its expenses were less than $280,000 and cash on hand was greater than $18.2 million; and

**WHEREAS**, Solovyeva's Monthly Operating Report for the period ending on September 30, 2025 indicated she had $3,383,153 of cash on hand after making $10,633 of disbursements; and

**WHEREAS**, Solovyeva's other monthly operating reports disclose that each month her expenses were less than $35,000 and cash on hand was greater than $2,000,000; and

**WHEREAS**, on December 17, 2025, the Court held hearings on Svetlana Anuchina's motions to dismiss. The Court granted relief from the automatic stay to Marine Transport, Solovyeva, and Anuchina to litigate the appeals of the Judgement but denied the motions to the extent Anuchina requested dismissal of Marine Transport's and Solovyeva's chapter 11 cases; and

**WHEREAS**, on December 23, 2025, the Court entered an order granting Marine Transport's motion to extend its exclusive period to file a chapter 11 plan that directed Marine Transport to file a facially confirmable chapter 11 plan of reorganization by February 27, 2026; and

**WHEREAS**, Marine Transport is in contempt of the Court's order by failing to file a chapter 11 plan and disclosure statement until March 10, 2026. Further, Marine Transport's chapter 11 plan is not facially confirmable because it provides for Marine Transport, a solvent debtor, to pay its unsecured creditors over 60 months, without interest; and

**WHEREAS**, on March 16, 2026, the Court entered orders (the "OSCs") directing Marine Transport and Solovyeva to appear and show cause why their bankruptcy cases should not be dismissed as bad faith filings, pursuant to 11 U.S.C. § 1112(b) because Marine Transport and Solovyeva were not in financial distress and had cash on hand to pay all creditors in full immediately, with millions of dollars left over. Marine Transport and Solovyeva replied insisting the cases were filed in good faith. Solovyeva, however, consented to dismissal. Svetlana Anuchina also responded to the OSCs; and

**WHEREAS**, on April 24, 2026, Svetlana Anuchina, moved for sanctions against Marine Transport and Solovyeva, claiming she incurred damages resulting from the debtors' bad faith filings. Specifically, she claims she incurred $9,000 in attorneys' fees related to the two chapter 11 cases. Marine Transport and Solovyeva filed responses in their respective cases, and Svetlana Anuchina filed replies; and

**WHEREAS**, on May 16, 2026, the Court held a hearing on the OSCs and motions for sanctions filed in Solovyeva's and Marine Transport's chapter 11 cases and determined to dismiss Solovyeva's chapter 11 bankruptcy case, with prejudice, and retain jurisdiction to consider Svetlana Anuchina's motion for sanctions; and

**WHEREAS**, Marine Transport requested the Court adjourn the May 16, 2026 hearings on its case because it had negotiated a settlement with creditor Commonwealth Leasing Inc. and desired bankruptcy court approval of that settlement prior to dismissal of its chapter 11 bankruptcy case; and

**WHEREAS**, the settlement between Marine Transport and Commonwealth Leasing Inc. provided for Marine Transport to pay $180,000 to Commonwealth Leasing Inc. in full satisfaction of Commonwealth Leasing Inc.'s $230,100 general unsecured claim; and

**WHEREAS**, on May 28, 2026, the Court entered an order dismissing Solovyeva's bankruptcy case, retaining jurisdiction to further hear and determine Anuchina's motion for sanctions;

**WHEREAS**, on July 15, 2026, the Court held a hearing on the OSC to dismiss Marine Transport's chapter 11 case, the motions for sanctions, and Marine Transport's motion to approve its settlement with Commonwealth Leasing Inc; and

**WHEREAS**, on July 24, the Court entered an order approving Marine Transport's settlement with Commonwealth Leasing, Inc. and on September 3, 2026, the Court entered an order dismissing Marine Transport's chapter 11 case.

**NOW, THEREFORE**, based on the record of this case, including the July 15, 2026 oral argument, the Court finds and concludes:

1. As of the Petition Date, Marine Transport had over $10 million of cash on hand and owed less than $2.2 million, inclusive of MSC's contingent claim for approximately $1.5 million that was not yet due and owing.

2. Marine Transport's monthly operating reports evidenced that it was able to pay its monthly expenses and maintain cash reserves of at least $18 million.

3. Marine Transport claimed it had a legitimate business reason for filing its chapter 11 case, as evidenced by its settlement with Commonwealth Leasing, Inc.; however, Commonwealth Leasing, Inc.'s claims against Marine Transport were modest relative to Marine Transport's cash reserves and Marine Transport has not claimed it was would have been unable to resolve Commonwealth Leasing, Inc.'s claims outside of bankruptcy.

4. Marine Transport has not alleged it was in financial distress when it filed its bankruptcy case or thereafter.

5. As of the Petition date, Solovyeva had over $4.2 million in cash on hand and owed less than $326,000.

6. Solovyeva's monthly operating reports evidenced she was able to pay her monthly expenses and maintain cash reserves no less than $2,000,000.

7. Solovyeva has not alleged she was in financial distress when she filed her bankruptcy case.

8. Svetlana Anuchina was damaged by Marine Transport's and Solovyeva's commencement of their respective bankruptcy cases, which caused Svetlana Anuchina to incur reasonable attorneys' fees, in the amount of $9,000.00 in connection with the chapter 11 bankruptcy cases.

9. Debtors need not be insolvent or in extremis to be eligible for relief under the bankruptcy code; however, a bankruptcy case may be deemed filed in bad faith if the debtor is not in financial distress or facing financial distress. *See In re LTL Mgmt., LLC*, 64 F.4th 84, 110 (3rd Cir. 2023); *In re Dorado Putt PR, LLC*, No. 25-04894 (ESL), 2026 WL 1804373 at *20 (Bankr. D.P.R. June 22, 2026) ("The court further concludes that the Debtor's lack of financial distress constitutes an abuse of the bankruptcy process which may not be cured or justified under 11 U.S.C. § 1112(b)(2)'s exceptions to dismissal."); *see also In re Purpura*, 170 B.R. 202, 207 (Bankr. E.D.N.Y. 1994) ("bankruptcy rehabilitation provisions are intended to benefit only those in genuine financial distress and are not to be used strategically as an avoidance mechanism to get out of particular obligations viewed by a debtor as having undesirable

consequences."); *In re UNED Assocs., LLC*, No. 07-10412ALG, 2007 WL 1200822, at *2 (Bankr. S.D.N.Y. Apr. 20, 2007) ("It is also well accepted that a good faith bankruptcy filing must be based on a reasonable degree of financial distress and cannot be used solely as a litigation tactic.").

10. This Court is authorized to award compensatory damages to a party damaged by debtor's bad faith filing. *See, e.g., In re Intercorp Intern*, 309 B.R. 686, 692 (Bankr. S.D.N.Y. 2004) ("fed.r.bankr. [sic] 9011, 28 U.S.C. §1927 and 11 U.S.C. § 105 each permit the imposition of sanctions for certain types of wrongful conduct, including bad faith filing of a bankruptcy petition."); *In re St. Stephen's 350 E. 116th St.*, 313 B.R. 161, 170 (Bankr. S.D.N.Y. 2004) ("Bankruptcy Rule 9011, 28 U.S.C. § 1927 and the Court's inherent power under section 105 of the Bankruptcy Code each permit the imposition of sanctions, on appropriate notice—which existed here—for certain types of wrongful conduct, including the bad faith filing of a bankruptcy petition and the bad faith prosecution of a bankruptcy case.").

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. Svetlana Anuchina's motion for sanctions is granted to the extent set forth herein.

2. Marine Transport and Solovyeva are jointly and severally liable to Svetlana Anuchina in the amount of $9,000, plus interest at the applicable federal judgment rate and shall pay that amount to Svetlana Anuchina, within twenty-one days of entry of this order.

3 The Court shall retain jurisdiction to enforce this Order.

Dated: September 4, 2026
Brooklyn, New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge